1  Edward R. Glady, Jr./Bar No. 009459
   Vincent R. Miner/Bar No. 033879
2  **SANDERS & PARKS, P.C.**
3  3030 North Third Street, Suite 1300
   Phoenix, AZ  85012-3099
4  Direct Phone: (602) 532-5646
   Direct Fax: (602) 230-5046
5  edward.glady@sandersparks.com
   vincent.miner@sandersparks.com
6

7  Julius A. Rousseau III (Admitted Pro Hac Vice)
   **ARENT FOX, LLP**
8  1301 Avenue of the Americas, Fl. 42
   New York, NY 10019
9  Direct Phone: (212) 484-3900
   Direct Fax:
10 Jule.Rousseau@arentfox.com

11
   *Attorneys for Defendant Wilmington Trust, N.A., as Securities Intermediary*
12

13 **UNITED STATES DISTRICT COURT**

14 **FOR THE DISTRICT OF ARIZONA**

| Columbus Life Insurance Company, | Case No.: 2:21-cv-00734-DJH |
|---|---|
| Plaintiff, | **DEFENDANT WILMINGTON TRUST, N.A. AS SECURITIES INTERMEDIARY'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS** |
| v. | |
| Wilmington Trust, N.A. as Securities Intermediary, | |
| Defendant. | |

## I.     INTRODUCTION

Columbus Life's Opposition to Wilmington Trust N.A., as Securities Intermediary's ("Securities Intermediary")[1] Motion for Judgment on the Pleadings (ECF No. 46) ("Opp. Br.") relies entirely on a legal fiction that it should be excused from paying the death benefit

---

[1] At all times herein Wilmington Trust, N.A. acts solely as Securities Intermediary for a third-party investor and does not act in its individual capacity. *See e.g.*, N.Y. U.C.C. § 8-102(a)(14)(ii) (defining the role of a securities intermediary).

because the Policy is void *ab initio* and therefore never existed and is not subject to the Arizona Insurance Code's incontestability provisions. Opp. Br. at 6-7. But the Code specifically states that incontestability clauses are enforceable in all policies, not just valid ones. Moreover, Columbus Life's own pleaded facts controvert the fiction on which its argument is premised: Columbus Life admits that it issued the Policy in 2003, and that it remained in effect until 2020. ECF No. 1 ("Complaint") ¶¶ 22-30; Complaint, Ex. A at 4. The pleadings here also admit that on dozens of occasions during that *seventeen year* period, Columbus Life billed for, and accepted payment of, millions of dollars in premiums that Columbus Life required to keep the Policy in force. Complaint ¶¶ 23, 29; Answer to Counterclaims ¶ 29.

Columbus Life's principal response is to assert that that incontestability applies only to "garden-variety misrepresentations," but not to a lack of insurable interest. Opp. Br. at 10. This argument is contradicted by the plain language of the Insurance Code, which treats insurance fraud as a far more serious violation of the Code than a lack of insurable interest but nevertheless bars a challenge to a policy's validity based on fraud once the policy becomes incontestable. As explained in Securities Intermediary's Motion for Judgment on the Pleadings (ECF No. 41) and below, Arizona law requires life insurers to raise any challenge to a policy's validity, even one based on a lack of insurable interest, within two years of issuance.

## II. <u>ARGUMENT</u>

### A. <u>The Policy's Purported Voidness Has No Effect on Its Incontestability Under the Arizona Insurance Code</u>.

Section 20-1217 of the Arizona Insurance Code makes incontestable clauses required by Section 20-1204 enforceable in *all* life insurance policies governed by Arizona law, not just valid policies.

Contrary to Columbus Life's argument, neither Section 20-1204 nor Section 20-1217 "presuppose the existence of a lawful contract." Opp. Br. at 9. In fact, the Arizona Insurance Code applies to all life insurance "policies" delivered or issued for delivery in

Arizona regardless of validity, and requires those policies to contain certain provisions, including the incontestability clause. A.R.S. § 20-1101; A.R.S. § 20-1112; A.R.S. § 20-1202; A.R.S. § 20-1204. The Arizona Insurance Code separately defines "policy" broadly to include any agreement for or effecting insurance "by whatever name called" and includes "all clauses, riders, endorsements and papers attached thereto and a part thereof." A.R.S. § 20-1102. Indeed, the definition is not limited to only contracts or agreements determined to be valid. Section 20-1217 then unambiguously states that an incontestability clause in "*any* policy of life insurance" precludes a challenge to the policy's validity. A.R.S. § 20-1217 (emphasis added). Thus, the Insurance Code and its incontestability provisions clearly apply to any and all policies delivered or issued for delivery in Arizona, not only valid policies.

Indeed, the very provisions of the Arizona Insurance Code that regulate insurable interest expressly recognize the obvious fact that a policy lacking insurable interest qualifies as an insurance policy that is subject to the Insurance Code despite a lack of insurable interest. Section 20-1104 grants representatives of an insured a cause of action to recover policy benefits on a "contract" that lacks insurable interest in violation of Section 20-1104, and Section 20-443.02, which regulates stranger originated life insurance ("STOLI"), specifically applies to initiating "*a life insurance policy* for the benefit of a person or entity that lacks insurable interest." A.R.S. § 20-433.02 (emphasis added). These provisions are clear that even policies that lack insurable interest are policies that are subject to the Insurance Code.

In fact, Columbus Life's argument that a policy lacking insurable interest is void *ab initio* and may never be given effect necessarily leads to the absurd result that the Arizona Insurance Code itself would never apply to a policy that lacked insurable interest. According to Columbus Life, a policy that lacks an insurable interest is void from inception, never exists and "cannot in any manner 'have life breathed into it.'" Opp. Br. at 8. Thus, the Insurance Code would not apply to policies that lack an insurable interest, requiring courts to ignore the policies, a result that would eviscerate Arizona's interest in

regulating policies issued under the Code that lack insurable interest. A.R.S. § 20-1104; A.R.S. § 20-443.02.

In contrast to Columbus Life's arguments based on fiction, the company's own pleaded facts clearly satisfy the straightforward elements required for application of the Insurance Code's incontestability bar. Columbus Life admits that it: (1) issued an "Arizona life insurance policy" in 2003 pursuant to which it agreed to insure "the lives of the Petersons" (Complaint ¶ 22, Ex. A, p. 4 of 40 ("Policy Date")); (2) actually delivered the Policy in Arizona (Complaint ¶ 33); (3) collected premium on that Policy from 2003 through 2020 (Answer to Counterclaims ¶¶ 22-29); and that (4) the Policy contains the incontestability clause, which on its face and under Section 20-1217 makes the Policy incontestable once it was in effect for two years during the insureds' lives (*Id*. ¶ 16, Opp. Br. at 3). As a result, regardless of whether the Policy is found void *ab initio* after Columbus Life issued it, Section 20-1217 and the Policy's incontestability clause preclude a challenge to the Policy's validity. As the Arizona Court of Appeals held in *Halstead Consultants, Inc. v. Cont'l Cas. Co.*, 891 P.2d 926 (Ariz. Ct. App. 1994):

> [I]ncontestability does not provide that [the insurer] must extend insurance to the decedent. Incontestability does provide, however, that having carried decedent on its roster for more than two years, and having accepted the premiums covering the risk of the accidental loss of her life, [the insurer] cannot *now* assert that she was ineligible for insurance. Unless the defense goes to a limitation of the risk . . . [the insurer] must either raise the issue within the period of contestability or be forever barred.

*Id.* at 933-34 (emphasis in original). Indeed, "[t]o declare that a facially valid policy on which [Columbus Life] collected substantial premiums for over [seventeen] years was never 'in force' is simply a fiction." *PHL Variable Ins. Co. v. Bank of Utah*, 780 F.3d 863, 871 (8th Cir. 2015), *as corrected* (Mar. 17, 2015).

Contradicting its argument that Securities Intermediary cannot identify a "statutory basis" for the application of an incontestability clause to a void policy, Columbus Life then argues that any argument that Section 20-1217 "literally prohibits a contest regarding the policy's legality" will "elevate[ ] form over substance" and frustrate the "remedial"

purpose of the statutory insurable interest requirement. Opp. Br. at 9-10. But this argument ignores that the incontestability and insurable interest statutes are essentially in harmony and that it is Columbus Life's interpretation that needlessly causes them to conflict, as argued above. Indeed, the insurable interest statute applies to all policies delivered or issued for delivery in Arizona and requires only that an insurable interest exist at inception. The incontestability statutes give the issuing insurance company two years from the policy's issue date during the life of the insured(s) to challenge the policy's validity for any reason, including a lack of insurable interest. This interpretation is consistent with the insurable interest statute's requirement that insurable interest need only be present at the time the contract was made (A.R.S. § 20–1104(A)), the Insurance Code's overall application to all policies regardless of validity, as well as *Nat'l Life & Cas. Ins. Co. v. Blankenbiller*, 360 P.2d 1030, 1032 (Ariz. 1961), which held that the unambiguous language used in the incontestability statute does not permit a court to create additional exceptions to the incontestability bar that are more onerous than the exceptions permitted by statute.

### B. Permitting Columbus Life's Claim Here Would Abrogate *Nat'l Life & Cas. Ins. Co.* and Contradict the Plain Language of the Arizona Insurance Code and Arizona Public Policy.

Columbus Life argues that by enforcing the Policy's incontestability clause and dismissing the Complaint, this Court would be "rewriting Arizona law" to change the common law rule that the provisions of a void policy may not be enforced. Opp. Br. at 11. Columbus Life is wrong. No Arizona court has ever held that a policy's incontestability clause is unenforceable if the policy is found void. Moreover, the Arizona Supreme Court has already decided that an incontestability clause prohibits any challenge based on an argument that the policy is invalid and therefore no insurance obligation was ever assumed. *Nat'l Life & Cas. Ins. Co.* 360 P.2d at 1032; *see also*, *Nat'l Producers Life Ins. Co. v. Rogers*, 442 P.2d 876, 878 (Ariz. Ct. App.1968); *Halstead Consultants, Inc.*, 891 P.2d at 930.

Columbus Life argues that *Nat'l Life & Cas. Ins. Co* dealt only with "garden-

variety" misrepresentations which do not implicate Arizona public policy because they cause only "private harm" as compared to the far more serious public policy concerns of STOLI activity. Opp. Br. 9-10. This argument misstates Arizona law, which in fact classifies the fraud at issue in *Nat'l Life & Cas. Ins. Co.* as a far more severe violation of the Insurance Code than STOLI or a lack of insurable interest yet nevertheless prohibits challenges to a policy's validity based on fraud once the policy's contestable period has expired.

The best statement of Arizona's public policy is the State's enacted law. *State of Arizona v. Fenton*, 341 P.2d 237, 243 (Ariz. 1959); *Taylor v. Graham Cnty. Chamber of Com.*, 33 P.3d 518, 525 (¶ 27) (App. 2001). Arizona, like every state in America, has enacted legislation classifying insurance fraud a criminal offense. A.R.S. §§ 20-466.01, 20-463, 20-466.02, 20-443, 20-443.01. Arizona courts have repeatedly recognized "society's interest in not permitting fraud to occur" and that fraud and misrepresentations affecting a policy's enforceability raise significant public policy concerns. *Halstead Consultants, Inc.*, 891 P.2d at 932; *State of Arizona v. Galbraith*, 559 P.2d 1089, 1091 (Ariz. Ct. App. 1976). Yet despite the gravity with which the Arizona Insurance Code treats insurance fraud, the Supreme Court in *Nat'l Life & Cas. Ins. Co.* expressly held that a policy's incontestability clause applies to bar all challenges to a policy's validity, including those based on insurance fraud "in order to provide repose in the policy." *Halstead Consultants, Inc.*, 891 P.2d at 932; *Nat'l Life & Cas. Ins. Co.* 360 P.2d at 1032

While Arizona has also enacted specific statutes requiring policies governed by Arizona law to have insurable interest (A.R.S. § 20-1104) and prohibiting STOLI (A.R.S. § 20-443.02), Arizona law treats insurance fraud as a far more serious violation of the Insurance Code than violations of these statutes. Neither Sections 20-443.02 nor 20-1104 make STOLI or violations of insurable interest a crime or authorize the remedies available to the Attorney General for claims of insurance fraud. A.R.S. § 20-466.02.[2]

---

[2] A.R.S. § 20-456(A), allows the Director of Insurance to send a cease and desist letter for violations of the Insurance Code generally. While that Section also allows the Director to

Furthermore, even though insurance fraud is a serious violation of the Insurance Code, it is subject to a seven-year statute of limitations for criminal prosecution. A.R.S. §§ 13-107(B)(1), 20-466.01, 20-443.01. By arguing that the incontestability clause does not apply to its challenge to the Policy's validity for a lack of insurable interest, Columbus Life effectively asks this Court to grant it an unlimited limitation period far greater than that imposed by the Legislature for the more serious code violation. Such a result is contrary to the Insurance Code's clear categorization of STOLI as less significant than lying about fixing a broken windshield. A.R.S. §§ 20-466.01, 20-463.01(A.).

Columbus Life also argues that enforcing the incontestability clause against a challenge to the Policy's validity based on a lack of insurable interest would encourage unlawful wagering contracts and allow parties to "enter into an illegal agreement and exempt themselves from the force of Arizona law and public policy." Opp. Br. at 10-11, 15, n.4. In fact, as many jurisdictions have recognized, enforcing Arizona's prohibition on post-contestable challenges to validity *prevents* the very harms that Columbus Life claims are caused by such a prohibition because it incentivizes insurance companies to diligently underwrite policies, and to promptly raise any challenge to a policy's validity within the terms of the contestable period, a time when the insured and others involved in the transaction are likely to be alive and able to recollect the events. "The presence or absence of an insurable interest is generally determinable at the time of the policy's issuance, and the insurance company is uniquely positioned to determine at that time whether an insurable interest exists." 7 Williston on Contracts § 17:5 (4th ed.). Enforcing the incontestability protects both policyholders and the Arizona courts from "extended litigation of issues of policy validity [that] would greatly increase the burden on the courts"

---

impose civil penalties as punishment for violations of certain sections of the Insurance Code, including Sections 443 and 443.01, civil penalties are not authorized for violations of A.R.S. § 20-1104 or A.R.S. § 20-443.02. Moreover, while Section 20-443.01 criminalizes intentional misrepresentations (*i.e.* fraud) in connection with certain documents used to market and sell insurance, violations of Section 20-1104 or 20-443.02 are not criminalized.

long-after the policy was issued. *Halstead Consultants, Inc.*, 891 P.2d at 932; *PHL Variable Ins. Co.*, 780 F.3d at 871; *New England Mut. Life Ins. Co. v. Caruso*, 535 N.E.2d 270, 274 (N.Y. 1989) (New York law). Indeed, here Columbus Life asserts conduct by the insureds that cannot be addressed by the insureds' testimony since it waited until after their deaths to file this action. Contrary to the authority cited by Columbus Life, numerous jurisdictions follow Arizona's "better, more enlightened" rationale for preventing insurable interest violations by barring challenges to a policy's validity once the contestable period has expired, including challenges based on a lack of insurable interest.[3] *See* 7 Williston on Contracts § 17:5 (4th ed.) (describing "better, more enlightened view").

### C. This Lawsuit is a Contest of the Policy's Validity.

Columbus Life argues that to the extent Section 20-1217 of the Arizona Insurance Code prohibits a "contest" of the Policy's validity, a lawsuit asserting that the Policy is void for lack of insurable interest does not qualify as the type of contest prohibited by Section 20-1217. Opp. Br. at 6, 9. This argument strains credulity as a lawsuit to declare that an insurer has no obligation to perform because a policy is void is the prototypical "contest" of a policy under Arizona law. *First Penn-Pac. Life Ins. Co. v. Evans*, Civil No. AMD 05-444, 2007 WL 1810707, *6 (D. Md. June 21, 2007), *judgment aff'd*, 313 F.App'x. 633 (4th Cir. 2009) (applying Arizona law); *see* 17 Steven Plitt et al., *Couch on Ins.* § 240:89 (3d ed. 2021) (defining "contest").

---

[3] *See PHL Variable Ins. Co.*, 780 F.3d at 871 (Minnesota law); *New England Mut. Life Ins. Co.*, 535 N.E.2d 270 (New York law); *Bogacki v. Great–West Life Assurance Co.*, 234 N.W. 865 (Mich. 1931) (Michigan law); *Sun Life Assurance Co. of Canada v. Wilmington Tr. Co.*, Case No. 2:15-cv-00758, 2017 WL 978997, at *8 (D. Utah Mar. 13, 2017) (Utah law); *Murray v. State Mut. Life Ins. Co.*, 48 A. 800, 800–01 (R.I. 1901) (Rhode Island law); *W. Rsrv. Life Assurance Co. of Ohio v. ADM Assocs., LLC*, 116 A.3d 794, 805-06 (R.I. 2015) (Rhode Island law); *Wells Fargo Bank, N.A. v. Pruco Life Ins. Co.*, 200 So. 3d 1202, 1207 (Fla. 2016) (Florida law).

Furthermore, Columbus Life's reliance on *In re Al Zuni Trading, Inc*., 947 F.2d 1403 (9th Cir. 1991) is misplaced because that case did not address the question of whether a lawsuit challenging insurable interest was a "contest."

**D. Columbus Life's Arguments Concerning the Legislative History of the Insurance Code Are Meritless.**

Columbus Life argues that Sections 20-1217 and 20-1204 cannot possibly alter its alleged common law rule that a void policy's incontestability clause never takes effect and therefore cannot be enforced because the Arizona Legislature did not "clearly and plainly" state its intent to alter that rule. Opp. Br. at 15. Yet no Arizona court has ever enforced the purported "common law rule" and this argument ignores the rule that an intention to change the common law need not be explicit but may be expressed "by necessary implication" in light of the legislative language and scheme in question. *Wyatt v. Wehmueller*, 806 P.2d 870, 873–74 (Ariz. 1991), *citing S.H. Kress & Co. v. Superior Ct. of Maricopa Cnty*., 182 P.2d 931, 935 (Ariz. 1947). Where the legislature's unambiguous language necessarily abrogates the common law, that language is given effect and no specific statement of abrogation is required. *Id*.; *City of Mesa v. Salt River Project Agric. Improvement & Power Dist*., 373 P.2d 722, 730 (Ariz. 1962). Here, even assuming that Arizona common law treated a policy lacking insurable interest as void *ab initio* such that its incontestability clause was ineffective, such a rule must yield to the comprehensive Insurance Code enacted in 1954, which applies to all policies delivered or issued for delivery in Arizona and includes incontestability statutes which plainly and unambiguously preclude all challenges to a policy's validity after the expiration of the contestable period, except for nonpayment of premium. A.R.S §§ 20-1204, 20-1217; *see AAA Cab Serv., Inc. v. Indus. Comm'n of Arizona*, 141 P.3d 822, 823 (¶ 4) (Ariz. Ct. App. 2006) (comprehensive statutory scheme abrogated common law); *Nat'l Life & Cas. Ins. Co.*, 360 P.2d at 1031.

Columbus Life also argues that the original enactment of the current insurable interest statute in 1954 and its amendment in 1989 undermines Securities Intermediary's statutory arguments because the legislature has never "legislated in reaction to

- 9 -

*Blankenbiller*." Opp. Br. at 16. But the fact that the insurable interest statute was first enacted in 1954 prior to *Nat'l Life & Cas. Ins. Co.* and amended in 1989 subsequent to that decision only confirms that the Legislature has had ample time to provide an insurable interest exception to incontestability in light of *Nat'l Life & Cas. Ins. Co.* but has not done so despite amending the insurable interest statute to add other provisions.

## III. CONCLUSION

For the foregoing reasons, and the reasons stated in its Moving Brief, this Court should grant Securities Intermediary's Motion for Judgment on the Pleadings.

**RESPECTFULLY SUBMITTED** this 4th day of February, 2022.

**SANDERS & PARKS, P.C.**

By */s/ Edward R. Glady, Jr.*
Edward R. Glady, Jr.
Vincent R. Miner
3030 North Third Street, Suite 1300
Phoenix, AZ 85012-3099

and

**ARENT FOX, LLP**

Julius A. Rousseau III (Admitted Pro Hac Vice)
1301 Avenue of the Americas, Fl. 42
New York, NY 10019
Attorneys for Defendant Wilmington Trust, N.A.

/ / /

/ / /

/ / /

/ / /

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of February, 2022, I attempted to electronically submit a copy of the foregoing using the CM/ECF system, but was unable to do so due to the CM/ECF system being down for maintenance. I instead, per direction of the Court, submitted the foregoing to Judge Humetawa via e-mail to humetewa_chambers@azd.uscourts.gov and to opposing counsel via email. I further certify that on the 7th day of February, 2022, I electronically submitted a copy using the CM/ECF system which will send notification of such filing to the following:

Nancy R. Giles
Laura C. Martinez
**GILES LAW, PLLC**
4808 N. 22nd St., Suite 200
Phoenix, AZ 85016
ngiles@gileslegal.com
lmartinez@gileslegal.com

and

Michael J. Broadbent (Admitted Pro Hac Vice)
**COZEN O'CONNOR**
1650 Market Street, Suite 2800
Philadelphia, PA 19103
mbroadbent@cozen.com
*Attorneys for Plaintiffs*


_/s/ Katie Martin_____