Nancy R. Giles (SBN 020163)
Laura C. Martinez (SBN 031486)
GILES LAW, PLLC
4808 N. 22nd St., Suite 200
Phoenix, AZ 85016
Tel: 602-222-5501
Email: ngiles@gileslegal.com
Email: lmartinez@gileslegal.com

Brian D. Burack (*pro hac vice*)
Ilya Schwartzburg (*pro hac vice*)
Michael John Broadbent (*pro hac vice*)
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel: 215-665-2076
Email: bburack@cozen.com
Email: ISchwartzburg@cozen.com
Email: mbroadbent@cozen.com

*Attorneys for Plaintiff Columbus Life Insurance Company*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Columbus Life Insurance Company, <br><br> Plaintiff, <br><br> v. <br><br> Wilmington Trust N.A., as Securities Intermediary, <br><br> Defendant. | Case No. 2:21-cv-00734-DJH <br><br> Assigned to: Honorable Diane J Humetewa <br><br> **JOINT NOTICE OF PARTIES' POSITIONS REGARDING CERTIFIED QUESTION OF LAW TO THE ARIZONA SUPREME COURT** |

Pursuant to this Court's Order, dated June 22, 2022 (Doc. 83), Plaintiff, Columbus Life Insurance Company ("Columbus Life") and Defendant, Wilmington Trust, N.A. ("Wilmington Trust) have conferred regarding the Court's proposed language for a certified

question to the Arizona Supreme Court. Unable to reach an agreement, the parties present their respective positions below:

**Columbus Life's Position**:

Columbus Life respectfully suggests the following language: "Does Arizona law permit an insurer to challenge the validity of a life insurance policy based on a lack of insurable interest after the expiration of the two-year contestability period required by A.R.S. § 20-1204?" This is the same language used to certify the same issue to the Delaware Supreme Court in *PHL Var. Ins. Co. v. Price Dawe 2006 Ins. Tr.*, 28 A.3d 1059, 1064 (Del. 2011) ("Does Delaware law permit an insurer to challenge the validity of a life insurance policy based on a lack of insurable interest after the expiration of the two-year contestability period required by 18 Del. C. § 2908?"). Delaware has the same statutory scheme. *Compare* 18 Del. C. § 2908 *with* A.R.S. § 20-1204.

Wilmington Trust's proposal (below) is neither objective nor appropriate. Wilmington Trust's first question makes no mention of insurable interest, is unduly vague, and expands the question to other kinds of post-contestable challenges not before this Court. Wilmington Trust's second question is far worse: (i) it lacks basic objectivity (resorting to advocacy); (ii) it seeks an improper advisory opinion on issues that will not resolve the case (in violation of A.R.S. § 12-1861); (iii) it assumes several false and unproven factual premises from Wilmington Trust's not-yet-filed amended counterclaim (namely its baseless conspiracy theory that Columbus Life has been deceptively planning to challenge this Policy for years); and, (iv) its abstract and open-ended phrasing is facially inappropriate for a certified question of law.

In addition, Wilmington Trust's unsolicited explanation of its pending motion for leave to amend is unwarranted and Columbus Life will respond to the pending motion at the appropriate time.

**Wilmington Trust's Position**:

Defendant and Counterclaim-Plaintiff Wilmington Trust, N.A., as Securities Intermediary ("Securities Intermediary"),[1] respectfully argues that the following certified questions should be submitted to the Arizona Supreme Court:

Question 1: Under A.R.S § 20-1204, each life insurance policy must contain a provision stating that it shall be incontestable, except for nonpayment of premiums, after it has been in force during the lifetime of the insured for a period of two years from its date of issue. May a life insurer contest a life insurance policy more than two years after its date of issue for a reason not set forth in the statute?

Question 2: If the answer to Question 1 is "yes," then (a) what obligations does a life insurer have to seek to rescind a life insurance policy for lack of insurable interest; and (b) what principles may operate to prohibit the life insurer from belatedly seeking to contest such life insurance policy?

In light of the Proposed Amended Filing and the allegations contained therein about Plaintiff/Counterclaim-Defendant Columbus Life Insurance Company's ("Columbus") conduct, Securities Intermediary believes that the certified question the Court suggested should be augmented for the reasons we explain below. Securities Intermediary filed a Motion to for Leave to Amend its Counterclaim (the "Motion") on June 24, 2022. (ECF No. 85). Should this Motion be granted and its Proposed Amended Pleading filed—as Securities Intermediary expects—then Securities Intermediary's Proposed Amended Pleading will include an affirmative defense of unlawful wagering, and a counterclaim for negligent misrepresentation. As discussed in the Motion, the Proposed Amended Pleading is based upon the recently learned information that Columbus was aware of all the facts on which it based its complaint in this action relating to insurable interest as early as 2006. Yet, Columbus never notified Securities Intermediary (the record Policy owner), Securities

---

[1] Wilmington Trust, N.A, at all relevant times has acted solely as Securities Intermediary for the beneficial owner of the life insurance policy at issue in this case ("Policy"), not in its individual capacity. *See, e.g.*, Ariz. Rev. Stat. Ann. § 47-8102(A)(14).

3

Intermediary's customer (who owns the beneficial interest in the Policy), or the Policy's prior owners that Columbus suspected that the Policy was void or that it might refuse to pay the death benefit or to return premium. Instead, despite internally treating the Policy as one that might be contested, over the course of fifteen years – from 2006 through April 2021 – Columbus repeatedly represented that the Policy was valid and billed and collected at least $1,611,156.08 in premium payments from Securities Intermediary and the Policy's prior owners, without once notifying any of the Policy's owners that Columbus considered the Policy a STOLI policy.

Securities Intermediary's Motion for Judgment on the Pleadings ("MJOP") (ECF No. 41) will also be rendered moot by this new pleading. As discussed in the Motion, Securities Intermediary asks that the Court to construe the MJOP as addressed to the Complaint and the Proposed Amended Pleading, once the latter is filed or, alternatively, grant leave for Securities Intermediary to submit a revised MJOP when the Proposed Amended Pleading is filed.

The new allegations in Securities Intermediary's Proposed Amended Pleading, thus, raise a separate question of law—Question 2—that needs to be addressed by the Arizona Supreme Court in addition to the initial question posed by the Court during the discovery dispute hearing on June 22, 2022—Question 1 (with slight alterations). Question 2 is a companion question to Question 1 and will invariably come up in this litigation should the Arizona Supreme Court answer "yes" to Question 1, as discussed in Securities Intermediary's Motion and Proposed Amended Pleading. Failure to also include Question 2 may necessitate certifying a separate question later after the Arizona Supreme Court decides Question 1. Thus, Securities Intermediary believes submitting Question 2 with Question 1 will support judicial economy and save the parties and the Court time and money.

DATED this 29th day of June, 2022.

          GILES LAW, PLLC

          By <u>/s/ Laura C. Martinez</u>
           Nancy R. Giles (SBN 020163)
           Laura C. Martinez (SBN 031486)
           4808 N. 22nd St., Ste. 200
           Phoenix, AZ 85016
           Phone: 602-222-5501
           Email: ngiles@gileslegal.com
           Email: lmartinez@gileslegal.com

          COZEN O'CONNOR
           Brian D. Burack (*pro hac vice*)
           Ilya Schwartzburg (*pro hac vice*)
           Michael John Broadbent (*pro hac vice*)
           1650 Market Street, Suite 2800
           Philadelphia, PA 19103
           Phone: 215-665-2076
           Email: bburack@cozen.com
           Email: Ischwartzburg@cozen.com
           Email: mbroadbent@cozen.com

          Attorneys for Plaintiff Columbus Life Insurance Company


          SANDERS & PARKS, P.C.

          By <u>/s/ Vincent R. Miner (w/ permission)</u>
           J. Steven Sparks
           Vincent Richard Miner
           3030 N. Third Street, Suite 1300
           Phoenix, AZ 85012

          ARRENT FOX, LLP
           Andrew James Dykens
           Julius A. Rousseau, III (*pro hac vice*)
           1301 Avenue of the Americas, Fl. 42
           New York, NY 10019

          Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System

By: /s/ Laura C. Martinez
Laura C. Martinez