1  Nancy R. Giles (SBN 020163)
   Laura C. Martinez (SBN 031486)
2  GILES LAW, PLLC
   4808 N. 22nd St., Suite 200
3  Phoenix, AZ 85016
   Tel: 602-222-5501
4  Email: ngiles@gileslegal.com
   Email: lmartinez@gileslegal.com
5
   Brian D. Burack (*pro hac vice*)
6  Ilya Schwartzburg (*pro hac vice*)
   Michael John Broadbent (*pro hac vice*)
7  COZEN O'CONNOR
   1650 Market Street, Suite 2800
8  Philadelphia, PA 19103
   Tel: 215-665-2076
9  Email: bburack@cozen.com
   Email: ISchwartzburg@cozen.com
10 Email: mbroadbent@cozen.com

*Attorneys for Plaintiff Columbus Life Insurance Company*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Columbus Life Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Wilmington Trust N.A., as Securities Intermediary,<br><br>Defendant. | Case No. 2:21-cv-00734-DJH<br><br>Assigned to: Honorable Diane J Humetewa<br><br>**JOINT NOTICE OF DISCOVERY DISPUTE REGARDING PRODUCTION OF RULE 30(b)(6) WITNESS** |

Pursuant to this Court's Rule 16 Scheduling Order, Plaintiff, Columbus Life Insurance Company ("Columbus Life"), and Defendant, Wilmington Trust, N.A. ("Wilmington Trust"), submit this joint summary of a discovery dispute.

//

**Columbus Life's Position**: This dispute arises out of the July 26, 2022 deposition of the Policy's beneficial owner ("Vida"),[1] the entity on whose behalf Wilmington Trust is litigating this case—the real party in interest. Vida's designee, on advice of counsel (also counsel for Wilmington Trust) refused to answer (or could not answer because he was unprepared) roughly *eighty questions*. The deposition ran for 5 hours and 38 minutes, much of which was spent struggling through Vida's unwillingness/inability to answer questions—and then cut short to accommodate counsel for Vida. Good cause exists to permit Columbus Life to finish the deposition (1 hour and 22 minutes) and for an additional 2 hours given Vida's obstruction and failure to send a witness with knowledge of the noticed topics.

The questions Vida's designee refused or was unable to answer go to the heart of Wilmington Trust's counterclaims and Columbus Life's defenses and are too numerous to summarize here. By way of example only, Wilmington Trust's Counterclaim alleges that Columbus Life, through routine policy correspondence, told Wilmington Trust (and its client Vida) that the Policy was "valid" and its proposed amended counterclaim alleges that this correspondence constituted actionable representations as to validity. Vida outright refused to answer questions about the misrepresentation claims, further underscoring the obvious prejudice to Columbus Life if the Motion for Leave to Amend (Doc. 85) is granted. Wilmington Trust's proposed negligent misrepresentation claim (which requires reasonable reliance) and its existing premium return claim (which requires excusable ignorance) places at issue Vida's due diligence. But Vida's designee had no personal knowledge of Vida's diligence and was woefully unprepared to testify on the noticed topics.

After the deposition, Vida's attorneys agreed to better prepare the witness and allow a re-deposition, but Vida is refusing to afford Columbus Life the deposition time it actually needs to do so. This gamesmanship should not be allowed. Columbus Life also believes Wilmington Trust should be required to pay the costs of taking this re-deposition since the witness was so woefully unprepared to answer questions on the noticed topics last time.

---

[1] Columbus Life diligently noticed the deposition for June, but Vida canceled, claiming it could not take place until this week as they were designating a new witness.

**Wilmington Trust's Position**:

Columbus' description of this manufactured dispute, in addition to being replete with misrepresentations too numerous to address here, ignores the real issue with the deposition in question: *dozens* of the questions Columbus' counsel asked went far beyond any reasonable interpretation of the topics Columbus noticed in its deposition notice. Rule 30(b)(6) requires the serving party to "describe with reasonable particularity the matters for examination." Columbus noticed 17 topics, and the witness was prepared to answer them (having spent 20-25 hours preparing). He answered the *vast majority* of the questions – those that he was *prepared* to answer, because they were fairly within the noticed topics. The questions the witness did *not* answer were beyond the scope of those topics, and thus he did not prepare to answer them in a corporate capacity. A remarkable number of the questions were argumentative, and did not seek facts or information but to make points.

This dispute was entirely avoidable. For example, Columbus' counsel has indicated that he wants to spend a *full hour* on the record asking the witness about three categories of documents – communications from Columbus over the years stating that the policy at issue in this case was "in force" and incontestable. Clearly he intended these documents to be a central focus of the deposition – yet the topics say ***not a word*** about them. The same is true of "the misrepresentation claims" Columbus complains the witness would not answer: not ***one topic*** suggests Columbus wanted a corporate witness who could testify about that. The deposition was a stark illustration of the need for reasonable particularity, and illustrates why Rule 30(b)(6) was recently amended to require a pre-deposition meet-and-confer (which did not occur here).

We tried to resolve this issue in several ways, including offering Columbus another 1.5 hours with the witness – but only if Columbus' lawyers give ***proper notice*** of the topics they want him to address. We also offered to provide written answers and/or prepare a stipulation or affidavit that provide Vida's corporate position on the points Columbus' counsel maintain have not been answered. We believe both offers to be reasonable. Columbus' counsel has rejected them.

DATED this 29th day of July, 2022.

          GILES LAW, PLLC

By <u>/s/ Laura C. Martinez</u>
 Nancy R. Giles (SBN 020163)
 Laura C. Martinez (SBN 031486)
 4808 N. 22nd St., Ste. 200
 Phoenix, AZ 85016
 Phone: 602-222-5501
 Email: ngiles@gileslegal.com
 Email: lmartinez@gileslegal.com

COZEN O'CONNOR
 Brian D. Burack (*pro hac vice*)
 Ilya Schwartzburg (*pro hac vice*)
 Michael J. Broadbent (*pro hac vice*)
 1650 Market Street, Suite 2800
 Philadelphia, PA 19103
 Phone: 215-665-2076
 Email: bburack@cozen.com
 Email: Ischwartzburg@cozen.com
 Email: mbroadbent@cozen.com

Attorneys for Plaintiff


SANDERS & PARKS, P.C.

By <u>/s/ David Ward (with permission)</u>
 J. Steven Sparks
 Vincent R. Miner
 3030 N. Third Street, Suite 1300
 Phoenix, AZ 85012

ARRENT FOX, LLP
 Julius A. Rousseau, III (*pro hac vice*)
 1301 Avenue of the Americas, Fl. 42
 New York, NY 10019

Attorneys for Defendant

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on July 29, 2022, I electronically transmitted the attached |
| 3 | document to the Clerk's Office using the CM/ECF System |
| 4 | |
| 5 | By:    */s/ Laura Martinez* |
| 6 |               Laura Martine |