1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                **FOR THE DISTRICT OF ARIZONA**

8

9    Columbus Life Insurance Company,          No. CV-21-00734-PHX-DJH

10                  Plaintiff,                  **ORDER**

11   v.

12   Wilmington Trust NA,

13                  Defendant.

14

15         Pending before the Court is the matter of submitting a certified question to the

16   Arizona Supreme Court.  The Court has requested the parties' input in the drafting of the

17   question. (Doc. 83).  And the parties have submitted their proposed questions.  (Doc. 90).

18   **I.    Background**

19         As alleged, Wilmington "holds bare legal title as administrator" of an insurance

20   policy (the "Policy") issued by Plaintiff Columbus Life Insurance Company ("Columbus").

21   (Doc. 1 at ¶ 2).  Columbus argues the Policy was "void *ab initio*" because it was an "illegal

22   wagering contract" in violation of Arizona law. (*Id.* at ¶ 37).  The Policy itself was a "$2.5

23   million dollar, second to die, life insurance policy" on the lives of Howard and Eunice

24   Peterson. (*Id.* at ¶¶ 16, 18).  The Petersons never paid anything for the Policy. (*Id.* at ¶

25   13).  In fact, the $2.5 million does not go to "the Petersons or their family" but, rather, to

26   Wilmington, an entity with no insurable interest such that, Columbus claims, the Policy is

27   "merely a wager" on how soon they would pass. (*Id.* at ¶¶ 17, 31).  Columbus argues that

28   such a wager turns life insurance policies "into cash machines whereby strangers to the

1    insureds are more interested in seeking the insureds dead than alive." (*Id.* at ¶ 15).

2    The Policy was applied for in November 2003 and the first premium was paid in

3    May 2004. (*Id.* at ¶¶ 20, 23). Howard Peterson died in 2018, and Eunice Peterson died in

4    2020. (*Id.* at ¶¶ 27–28). Wilmington has since made a claim on the Policy. (*Id.* at ¶ 30).

5    Of note, the Policy contains a statutorily required provision stating that Columbus "will

6    not contest this policy to the extent of the Specified Amount after it has been in effect

7    during both Insureds' lifetimes for two years from" October 26, 2003. (Doc. 1-1 at 4, 34).

8    Now, Columbus seeks a judgment declaring that the Policy is an illegal wagering

9    contract that was void *ab initio* and that Wilmington lacks an insurable interest. (Doc. 1 at

10   ¶¶ 32–41). In its Answer, Wilmington brought counterclaims against Columbus for breach

11   of contract, bad faith, promissory estoppel, and unjust enrichment. (Doc. 8).

12   **II.    Certifying Question to Arizona Supreme Court**

13   Arizona's Supreme Court may answer certified questions of law that "may be

14   determinative of the cause then pending in the certifying court and as to which it appears

15   to the certifying court there is no controlling precedent in the decisions of the supreme

16   court and the intermediate appellate courts of this state." A.R.S. § 12-1861. Arizona

17   Supreme Court Rule 27(a)(3) states that a certification order must include: "(A) The

18   questions of law to be answered; (B) A statement of all facts relevant to the questions

19   certified; (C) A list of the counsel (or pro se parties) appearing in the matter, together with

20   their addresses and telephone numbers; (D) The proportions in which the parties shall share

21   the required filing fees, if such proportions are not to be equal; (E) Any other matters that

22   the certifying court deems relevant to a determination of the questions certified."

23   **a.   The Question of Law**

24   Here, the potentially determinative question deals with whether the Policy may be

25   enforced. Arizona has long held that "a valid contract of insurance cannot legally be taken

26   on the life of another by one who has no insurable interest in said life, because such a

27   contract contravenes public policy . . . ." *Gristy v. Hudgens*, 203 P. 569, 572 (Ariz. 1922),

28   *disapproved of on different grounds by Day v. Clark*, 285 P. 682 (Ariz. 1930). By statute,

1   "no person shall procure or cause to be procured any insurance contract on the life or body

2   of another individual unless the benefits under such contract are payable to the individual

3   insured or his personal representatives, or to a person having, at the time when the contract

4   was made, an insurable interest in the individual insured."  A.R.S. § 20-1104(A).  There is

5   reason to believe that the Policy in this matter violates this statute and general public policy.

6           However, Arizona law requires life insurance policies contain an incontestability

7   provision, which states that a policy  "shall be incontestable, except for nonpayment of

8   premiums, after it has been in force during the lifetime of the insured for a period of two

9   years from its date of issue."  A.R.S. § 20-1204.  In accordance with this statute, the Policy

10  contains a provision stating that Columbus "will not contest this policy to the extent of the

11  Specified Amount after it has been in effect during both Insureds' lifetimes for two years

12  from" October 26, 2003.  (Doc. 1-1 at 4, 34).

13          The parties dispute how these legal principles interact.  Wilmington argues that even

14  if the Policy was entered into with an entity that lacks an insurable interest, all challenges

15  to the Policy's validity, except for non-payment of premium" are time barred.

16  (Doc. 41 at 6).  Columbus argues it is not too late because the incontestability statute does

17  not apply because the Policy was void *ab initio*.  (Doc. 46 at 9).  It appears to the Court

18  that Arizona has no controlling precedent on this issue.

19          During a hearing on June 22, 2022, the Court informed the parties that it was

20  contemplating certifying the following question to the Arizona Supreme Court: Whether a

21  life insurance policy that contains an incontestability provision under A.R.S. § 20-1204

22  may be contested more than two years after it has been in force for the reason that it violates

23  A.R.S. § 20-1104(A) and is, therefore, void *ab initio*.  (Doc. 83).

24          Wilmington suggests submitting two questions, which are whether "a life insurer

25  [may] contest a life insurance policy more than two years after its date of issue for a reason

26  not set forth in the statute" and, if so, " (a) what obligations does a life insurer have to seek

27  to rescind a life insurance policy for lack of insurable interest; and (b) what principles may

28  operate to prohibit the life insurer from belatedly seeking to contest such life insurance

1    policy?" (*Id.* at 4). The Court finds these multiple questions are not all determinative and

2    are inappropriate for certification.

3          Columbus suggests that the Court submit a question that parallels language

4    submitted to the Delaware Supreme Court on the same issue.  (Doc. 90 at 2) (citing *PHL*

5    *Var. Ins. Co. v. Price Dawe 2006 Ins. Tr.*, 28 A.3d 1059, 1064 (Del. 2011)).  The Court

6    finds that this is an acceptable substitute to the question it proposed.

7          Therefore, the Court certifies the following question the Arizona Supreme Court:

8    **Does Arizona law permit an insurer to challenge the validity of a life insurance policy**

9    **based on a lack of insurable interest after the expiration of the two-year contestability**

10   **period required by A.R.S. § 20-1204?**

11         **b.  Statement of Facts**

12         Here, the Court refers back to the background established in Section I of this Order.

13         **c.  Counsel**

14   Counsel for Plaintiff Columbus Life Insurance Company:

15     -   Brian D Burack; 1 Liberty Pl.,1650,  Market St., Ste. 2800, Philadelphia, PA 19103;

16         215-665-2076

17     -   Ilya Schwartzburg; 1 Liberty Pl., 1650 Market St., Ste. 2800, Philadelphia, PA

18         19103; 215-366-4443

19     -   Isaac Binkovitz; 1 Liberty Pl., 1650 Market St., Ste. 2800, Philadelphia, PA 19103;

20         215-665-5506

21     -   Michael John Broadbent; 1 Liberty Pl., 1650 Market St., Ste. 2800, Philadelphia,

22         PA 19103; 267-987-4755

23     -   Charles J Vinicombe; 1010 Kings Hwy. S, Cherry Hill, NJ 08034; 856-910-5003

24     -   Laura Christine Martinez; 4808 N 22nd St., Ste. 200, Phoenix, AZ 85016;

25         602-222-5501

26     -   Nancy Renee Giles; 4808 N 22nd St., Ste. 200, Phoenix, AZ 85016; 602-222-5501

27   Counsel for Defendant Wilmington Trust NA:

28     -   Andrew James Dykens; 1301 Avenue of the Americas, 42nd Fl., New York, NY

10019; 212-484-3900

- David J Ward; 1301 Avenue of the Americas, 42nd Fl., New York, NY 10019; 212-457-5405

- Julius A Rousseau, III; 1301 Avenue of the Americas, 42nd Fl., New York, NY 10019; 212-457-5488

- J Steven Sparks; 3030 N 3rd St., Ste. 1300, Phoenix, AZ 85012-3099; 602-532-5600

- Vincent Richard Miner; 3030 N 3rd St., Ste. 1300, Phoenix, AZ 85012-3099; 602-532-5600

**d.  Filing Fees**

The parties shall split the filing fees equally.

**III.    Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that the aforementioned question is **certified** to the Arizona Supreme Court.  The Clerk of Court is directed to submit a certified copy of this Order and six copies to the Clerk of the Arizona Supreme Court under Arizona Supreme Court Rule 27.

**IT IS FURTHER ORDERED** that this action shall be stayed pending a response from the Arizona Supreme Court, except that the parties may conduct the deposition that is the subject of the parties' recent discovery dispute.  (Doc. 97).

Dated this 10th day of August, 2022.

Honorable Diane J. Humetewa
United States District Judge

- 5 -