**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Columbus Life Insurance Company, | No. CV-21-00734-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Wilmington Trust NA, | |
| Defendant. | |

Pending before the Court are Defendant Wilmington Trust NA's ("Wilmington") Motion for Judgment on the Pleadings (Doc. 41) and its Motion to Amend Counterclaim (Doc. 85). For the following reasons, the Court grants the Motion to Amend Counterclaim and denies the Motion for Judgment on the Pleadings as moot.

**I.  Background**

The Court incorporates by reference the background in its prior Order (Doc. 103).

**II. Motion to Amend Counterclaim**

  **a. Rule 16 – Diligence**

Wilmington seeks to amend its Counterclaim by adding allegations, adjusting some answers, by adding an affirmative defense of "Unlawful Wagering," by replacing its unjust enrichment claim for negligent misrepresentation, and by adding a fifth counterclaim for the return of the premium paid on the Policy. (Doc. 94-1).

The deadline to file amended pleadings, as established in the Court's Rule 16 Scheduling Order, was November 20, 2021. (Doc. 20 at 1). To allow a pleading now,

would require a showing of good cause. Fed. R. Civ. P. 16(b)(4). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16(b)(4)). If the party seeking to modify a scheduling order was not diligent, then the scheduling order may not be modified. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

District courts within the Ninth Circuit employ a three-part inquiry into whether a party has shown diligence. *Morgal v. Maricopa Cnty. Bd. of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. June 6, 2012) (quoting *Grant v. United States*, 2011 WL 5554878, at *4 (E.D. Cal. Nov. 15, 2011), adopted by, 2012 WL 218959, at *1 (E.D. Cal. Jan. 23, 2012)); *see Upton v. Corizon Health Care Inc.*, 2018 WL 581274, at *3 (D. Ariz. Feb. 12, 2019). Under this inquiry, courts assess whether the movant (1) diligently assisted the court in creating a workable Rule 16 order; (2) requested to modify the Rule 16 order due to developments that were unforeseeable at the time the order was issued; and (3) was diligent in seeking to amend the Rule 16 order once it became apparent that the movant could not comply. *See Morgal*, 284 F.R.D. at 460 (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)) (other citations omitted).

First, the Rule 26(f) Report was timely filed, and Wilmington filed a Motion for Leave to Appear Telephonically at the Rule 16 Scheduling Conference. (Docs. 18; 19). This indicates to the Court, and it so finds, that Wilmington diligently assisted in the crafting of the Rule 16 Order.

Second, Wilmington argues that new evidence revealed through deposition testimony that Columbus "knew or recklessly disregarded the risk that the Policy was an unlawful wager lacking insurable interest since at least 2006" but continued to represent that the Policy was "'in force' and incontestable." (Doc. 85 at 3). Wilmington argues it learned of this new evidence about one month ago. (*Id.*) Columbus argues Wilmington

would have obtained this information long ago if it had "promptly moved forward with discovery . . . ." (Doc. 92 at 4). It also argues that Wilmington could have come to the same conclusion with evidence it obtained in March of 2022, more than the one month that Wilmington now states.

The Rule 16 Scheduling Order was issued in September 2021. (Doc. 20). Even accepting Columbus' argument that discovery should have been prompter and that the evidence was obtained in March 2022, this information would not have been known at the time the Order was issued.

Finally, once Wilmington obtained the evidence, it requested to amend its counterclaim within one to three months. The Court finds that these factors together indicate reasonable diligence.

**b. Rule 15 – Prejudice and Futility**

Having determined that an amended Answer and Counterclaim may be accommodated under Rule 16, the Court turns to an assessment of whether justice requires that the Court grant leave under Rule 15. Courts consider whether an opposing party would suffer from undue prejudice or whether the amendments would be futile when determining whether to grant leave to amend. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

The Court considers prejudice first. Without a showing of prejudice, courts presume that leave to amend is warranted, absent a strong showing of other considerations, such as futility. *Id.* Columbus argues that it will be prejudiced if the Court permits amendment because it will not have an adequate opportunity to conduct discovery on the new claims. (Doc. 92 at 6). The Court is not convinced. The Court has stayed proceedings in this matter until it has received a response to its certified question to the Arizona Supreme Court. (Doc. 103). If Columbus believes that additional discovery is necessary, it may request that limited discovery be permitted while the case is otherwise stayed.

Next, the Court considers futility. Leave to amend should be denied as futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute

a valid and sufficient claim or defense." *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018). Columbus argues that the proposed negligent misrepresentation counterclaim, the Unlawful Wagering defense, and the return of the premium paid counterclaim are futile.

      *i.*     *Negligent Misrepresentation*

Columbus argues that the negligent misrepresentation claim is legally deficient and not supported by the evidentiary record. The Court will assess the legal arguments but not the factual ones because the analysis here asks whether any facts could support the claim; the question is not whether the facts of record support the claim. *See id.*

The first legal argument Columbus makes is that a negligent misrepresentation claim is barred by Arizona's economic loss doctrine. It claims that the doctrine bars tort claims "solely predicated on alleged duties arising out of a contractual relationship." (Doc. 92 at 10). But Columbus' formulation of the doctrine "is overly broad." *Flagstaff Affordable Hous. Ltd. P'ship v. Design All., Inc.*, 223 P.3d 664, 667 (Ariz. 2010). "In many contexts, tort recovery is available for solely pecuniary losses." *Id.* Arizona has applied the economic loss doctrine to construction defects and product defects. *Id.* at 667, 673. But Columbus has not cited to cases that apply this doctrine to the life insurance contract context, and the Court finds none either. Furthermore, Columbus itself argues elsewhere that no contractual relationship ever "came into existence" between the parties because the Policy was void *ab initio*. (Doc. 46 at 6). Without a contractual relationship, the economic loss doctrine has no use.

Second, Columbus argues that it has no duty to warn Wilmington that it suspected the Policy was void *ab initio*. By statue, Arizona prohibits persons from making "any misrepresentation to any policyholder for the purpose of inducing or tending to induce the policyholder to lapse, forfeit, surrender, retain or convert any insurance policy." A.R.S. § 20-433(A)(5). "By enacting a statute that requires or forbids certain conduct, the legislature articulates a public policy that may impose a duty enforceable in tort against one who violates the statute." *Stair v. Maricopa Cnty.*, 429 P.3d 1151, 1156 (Ariz. Ct.

App. 2018). Here, Wilmington alleges Columbus misrepresented that the Policy was valid, despite having determined that it was not. (Doc. 94-1 at ¶ 124). This suffices, for purposes of stating a plausible claim, to show the alleged existence of a duty and breach of that duty.

Having exhausted Columbus' arguments to the contrary, the Court concludes the negligent misrepresentation claim is not futile.

### ii. *Unlawful Wagering & Return of Premium Paid*

In the event that the Policy is found to be void, Wilmington brings an "unlawful wagering" defense, which argues it is entitled to an enforcement of its expected benefit under the Policy as well as a refund of the premiums paid because Columbus also participated in the wager. (Doc. 94-1 at 20–21). Wilmington also brings a "return of premium" counterclaim, which seeks a return of the premium in the event that the Policy is void. (*Id.* at 50–51). Columbus argues that the defense and counterclaim are frivolous because Wilmington is not entitled to either kind of relief if the Policy is void.

Whether the Policy is void *ab initio* is an issue that the Court will leave to the Arizona Supreme Court. Therefore, it is premature for the Court to express any opinion on what relief Wilmington may be entitled to in the event that the Policy is void. The Court will reserve these issues until it has received the appropriate guidance from the Arizona Supreme Court. Because the Court declines to address this at this time, it cannot yet say that either the defense is futile.

The Court will grant Defendant's Motion to Amend. Having done so, Wilmington states that its Motion for Judgment on the Pleadings (Doc. 41) is now moot. Therefore, the Court will deny the Motion for Judgment on the Pleadings.

**III. Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Wilmington's Motion to Amend (Doc. 85) is **granted**. Wilmington may file its First Amended Answer, Affirmative Defenses, and Counterclaims within seven (7) days of this Order's entry.

**IT IS FURTHER ORDERED** that Wilmington's Motion for Judgment on the

Pleadings (Doc. 41) is **denied** as moot.

**IT IS FURTHER ORDERED** that should Columbus determine that more discovery is necessary as a result of the First Amended Answer, Affirmative Defenses, and Counterclaims, it may file a motion to open limited discovery, while this action is otherwise stayed. Such discovery shall be limited to the issues raised by the First Amended Answer, Affirmative Defenses, and Counterclaims.

Dated this 15th day of August, 2022.

Honorable Diane J. Humetewa
United States District Judge