**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Columbus Life Insurance Company,  Plaintiff,  v.  Wilmington Trust NA,  Defendant. | No. CV-21-00734-PHX-DJH  **ORDER** |

On August 11, 2022, this Court stayed the present matter pending the Arizona Supreme Court's resolution of the following certified question: "Does Arizona law permit an insurer to challenge the validity of a life insurance policy based on a lack of insurable interest after the expiration of the two-year contestability period required by A.R.S. § 20-1204?" (Doc. 103). The Court permitted Defendant Wilmington Trust NA ("Defendant") to file an Amended Answer (Doc. 105) notwithstanding the stay. (Doc. 104). On July 27, 2023, the Arizona Supreme Court answered the certified question in the negative. (Docs. 108; 110). So, the Court lifted the stay. (Doc. 109). In light of the Arizona Supreme Court's decision, the parties stipulated that the sole remaining claim in this matter is Defendant's counterclaim for bad faith. (Doc. 111). The Court accordingly dismissed all other claims and counterclaims from this action. (Doc. 112).

Now pending before the Court is Plaintiff Columbus Life Insurance Company's

("Plaintiff") "Motion for a More Definite Statement" (Doc. 113)[1] regarding Defendant's Amended Counterclaim for insurance bad faith. Plaintiff contends Defendant's bad faith counterclaim is unintelligible and confusing. (*Id.* at 6–8). Defendant disagrees that any clarification is needed but acknowledges that "some of the allegations in the [Amended Counterclaim] are now irrelevant in light of the Court's Order dismissing all other claims." (Doc. 114 at 4). Thus, Defendant seeks to file a proposed second amended counterclaim as attached to their Response. (Doc. 114-1).

Given the significant changes in the claims and counterclaims at issue, the Court will grant Defendant's request for an amendment and therefore and deny Plaintiff's Motion for a More Definite Statement as moot.

Accordingly,

**IT IS ORDERED** that Defendant Wilmington Trust NA's request to file a second amended counterclaim is **granted**. **By October 9, 2023**, Defendant shall file a clean version of their second amended counterclaim as proposed at Doc. 114-1. Should Plaintiff determine that more discovery is necessary as a result of the second amended counterclaim, it may file a motion to open limited discovery and extend any other relevant deadlines. Such discovery shall be limited to the issues raised by the second amended counterclaim.[2]

**IT IS FURTHER ORDERED** that Plaintiff Columbus Life Insurance Company's "Motion for a More Definite Statement" (Doc. 113) is **denied as moot**.

**IT IS FINALLY ORDERED** that the parties' Stipulation to Stay the Dispositive

---

[1] The matter is fully briefed. Defendant filed a Response (Doc. 114) and Plaintiff filed a Reply (Doc. 115).

[2] The Court cautions Plaintiff that the means for seeking clarification of Defendant's bad faith insurance theories are more properly addressed during discovery as opposed to a motion for a more definite statement under Rule 12(e). Federal Rules require a pleader to serve only a short, plain statement showing an entitlement to relief; accordingly, motions for a more definite statement are generally disfavored when the level of detail sought is more properly ascertained in discovery. *See e.g.*, *Renfrow v. BDP Innovative Chem. Co.*, 2015 WL 13036933, *1 (D. Ariz. May 20, 2015) (denying motion where ambiguity regarding timing of breach could be clarified in discovery); *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D. Cal. 1991) ("where the information sought by the moving party is available and/or properly sought through discovery the motion [for a motion definite statement] should be denied").

Motion Deadline Pending Columbus Life's Motion for More Definite Statement (Doc. 116) is **granted** in that the dispositive motion deadline in this matter is extended to **November 3, 2023**. The remainder of the Court's Order (Doc. 20) is otherwise **affirmed**.

Dated this 5th day of October, 2023.

Honorable Diane J. Humetewa
United States District Judge